SHARPNACK, C.J.,
concurring in part and dissenting in part.
I concur fully on issues I and II. I generally concur with respect to the ma *94 jority's evaluation of the aggravators considered by the trial court in the discussion of issue III, however I cannot concur in the conclusion that the sentence of fifty years is manifestly unreasonable. Rather than revise the sentence, as did the majority, I would remand to the trial court for resentencing.
Ind. Appellate Rule 17(B)(T7(B) under the rules applicable to appeals initiated in 2001) governs our consideration of the matter. Under that rule, we may not "revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender ." App. R. 17(B). We have here a twenty-seven year old man who took advantage of his access to a three-year old girl, as the live-in companion of the child's mother, to gratify his sexual appetites by pushing his finger into the girl's vagina. The disparity in age, disparity in size and power, and violation of the confidence of the child and her mother in his being a safe person for the child to be with, are enough to convince me that the sentence is not "clearly, plainly, and obviously unreasonable." Echols v. State 722 N.E.2d 805, 809 (Ind.2000). The age of the victim places her among the youngest of children to be vulnerable to such an assault. A victim of that age is far less able to perhaps resist and protect herself than an older child might be. The measure of the character of the defendant, as revealed by the nature of his offense and his eriminal record, is not enhanced by anything in the record. I might have imposed a different sentence, had I had the responsibility vested in the trial court. I might even consider the sentence unreasonable, but I cannot say that the sentence is manifestly unreasonable. See Singer v. State, 674 N.E.2d 11, 13 (Ind.Ct.App.1996) (noting that "reasonable people will differ as to the appropriate sentence in any given case"). Consequently, I respectfully dissent from the majority's revision of Simmons' sentence.